UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case No. |
| | : | 3:23-cr-00026 (KAD) |
| v. | : | |
| GLENN OZTEMEL, GARY OZTEMEL, EDUARDO INNECCO, | : | |
| *Defendants*. | : | June 10, 2024 |

**DEFENDANT GARY OZTEMEL'S MEMORANDUM OF LAW
IN SUPPORT OF HIS SUPPLEMENTAL SUBSTANTIVE MOTIONS**

Defendant Gary Oztemel respectfully submits this memorandum of law in support of his supplemental motion for a bill of particulars pursuant to Fed. R. Crim. P. 7(f) and supplemental motion to suppress emails obtained from his Google email account (*i.e.*, the "Gmail Account") in violation of the Fourth Amendment to the U.S. Constitution.  Gary Oztemel incorporates the legal standards and arguments set forth by Glenn Oztemel in support of his substantive motions (*see* ECF Nos. 114, 132) but writes separately to address these issues as they relate to the allegations against Gary Oztemel and to the search and seizure of the Gmail Account.

> I. **In the Event the Court Does Not Dismiss the Superseding Indictment as to Gary Oztemel, a Bill of Particulars is Warranted**

As Gary Oztemel has argued in his Motion to Dismiss the Superseding Indictment, none of the alleged overt acts in furtherance of the conspiracy to violate the Foreign Corrupt Practices Act ("FCPA") that fall within the applicable limitations period (*see* S1 ¶¶ 29ii–nn) is sufficient to render the conspiracy allegations timely as to Gary Oztemel.  Instead, the only overt acts pled within the limitations period that involve Gary Oztemel concern Gary Oztemel's alleged receipt of payments from Eduardo Innecco in November of 2018, and there is no basis in the Superseding Indictment for inferring that these alleged payments bear any connection to the parties' alleged conduct during the 2010 to 2013 period, in which Gary Oztemel is alleged to have conspired to pay bribes, through his company Oil Trade and Transport ("OTT"), to foreign officials at Petrobras.

During oral argument on the Defendants' motions to dismiss, the Court asked the government to explain its theory as to why these allegations concerning Gary Oztemel in the fall of 2018 related back to events alleged to have occurred years earlier.  The government responded, "that extra connective tissue is in paragraph 25 of the Indictment, where we allege that Petro Trade was a vehicle used to receive and conceal the nature of proceeds derived from the scheme.  And,

therefore, when Mr. Gary Oztemel is receiving those payments, those proceeds, in 2018, we've alleged that they're proceeds from the scheme because Petro Trade was a vehicle designed to receive those proceeds." (Tr. May 20, 2024 Hearing at 27:15–22).

This self-fulfilling statement does little to bridge the more than four-year gap in between the time when Gary Oztemel is alleged to have taken part in a conspiracy to pay bribes through his company, OTT, and when he is alleged to have received "proceeds" of the scheme through a separate company, Petro Trade. Paragraph 25 of the Superseding Indictment, cited by the government, does not provide any factual detail to support the notion that Petro Trade had any connection to the alleged bribery scheme involving OTT and its back-to-back trades between Petrobras and Trading Company #1 or #2 from 2010 to 2013. And Petro Trade does not appear anywhere in the government's chronology of overt acts until April of 2018 (*see* S1 ¶ 29cc), thereby underscoring Gary Oztemel's argument that it is illogical to infer that Petro Trade was used as a vehicle for the concealment of illegal proceeds stemming from transactions between Gary Oztemel, Petrobras, and/or Trading Company #1 or #2 dating back some four or more years.

If the Court does not dismiss the charges against Gary Oztemel on this basis, Gary Oztemel respectfully requests that the Court order the government to provide a bill of particulars that identifies each of the specific unlawful transactions between Petrobras, OTT, and/or Trading Company #1 or #2 from which any transfer of alleged "proceeds" remitted by Innecco to Gary Oztemel via Petro Trade in 2017 and 2018 derived. (*See* S1 ¶ 29cc, kk, ll, mm, nn.) Such particulars are warranted to prevent unfair surprise at Gary Oztemel's trial and to ensure that he is on notice of the manner in which he is alleged to have conspired to violate the FCPA and to commit international money laundering during the limitations period. *See, e.g.*, *United States v. Ganim*, 225 F. Supp. 2d 145, 155–56 (D. Conn. 2002) (ordering limited bill of particulars in light of

indictment's failure to provide sufficient notice of benefits defendant was alleged to have received in exchange for official acts in order to ensure the defendant had "the requisite notice of the nature and scope of the charges pending against him").

**II.     If the Court Suppresses the Emails Seized from Glenn Oztemel's Yahoo! Account, it Should Also Suppress the Emails Seized from the Gmail Account as Fruit of the Poisonous Tree**

Glenn Oztemel has argued in support of his motion to suppress that certain material omissions in the affidavit used to obtain a search warrant for Glenn Oztemel's and Innecco's Yahoo! accounts were made recklessly and were necessary to the Magistrate Judge's finding of probable cause, thus warranting suppression of the items seized during the execution of that search warrant, as well as during the subsequent execution of the search warrant for Glenn and Gary Oztemel's Apple accounts.

On February 23, 2021, the same day that the government obtained a search warrant for the Apple accounts referenced in Glenn Oztemel's motion to suppress, the government also obtained a search warrant for the Gmail Account.[1] Like the affidavit submitted in support of the application for a search warrant for the Apple accounts, the affidavit used to procure a warrant for the Gmail Account relied in significant part upon emails obtained pursuant to the Yahoo! search warrant. (*See* Gmail App. ¶¶ 9, 24–29, attached hereto as **Exhibit A**.)  The affidavit also relied heavily on the statements of Rodrigo Berkowitz and suffered from the same material omissions as those at issue in the Yahoo! affidavit.  (*See* Glenn Oztemel MOL at 26–35.)  Thus, if the Court were to agree that the materials seized pursuant to the Yahoo! search warrant must be suppressed and that materials obtained pursuant to the Apple warrant must accordingly be suppressed under the

---

[1]     Despite this parallel timing, the search warrant and supporting application were not produced to counsel for Gary Oztemel until January 26, 2024.

4

exclusionary rule, the same conclusion would require suppression of the materials obtained through the Gmail search warrant application.

### III. The Government Acted in Flagrant Disregard of the Warrant for Gary Oztemel's Gmail Account

As with its execution of the warrants for the Yahoo! and Apple accounts, the government likewise exceeded the scope of the search warrant for the Gmail Account, which limited the information to be seized to evidence, fruits, contraband, and instrumentalities of certain enumerated crimes (including those alleged in the Superseding Indictment), to include, for example, communications relating to Innecco, Glenn Oztemel, Berkowitz, and others associated with Petrobras, OTT, and Trading Companies #1 and #2, and communications relating to the payment of bribes, kickbacks, money laundering, fraud, or the sharing of confidential Petrobras information. (*See* Gmail App. Attachment B, § II). Rather than hew to these strictures, the government has produced tens of thousands of emails from the Gmail Account that bear no relevance to any of the search warrant's enumerated crimes or to the allegations in the Superseding Indictment, to the individuals and entities designated in Attachment B, or to any transactions involving Petrobras, Innecco, Glenn Oztemel, or Trading Company #1 or #2. The emails produced instead include highly personal communications concerning, among other topics, Gary Oztemel's family, friends, finances, social engagements, daughter's wedding, and health issues. (*See* Decl. of Susan Webb, attached hereto as **Exhibit B**).

Because the vast majority of the tens of thousands of documents seized from the Gmail Account are not responsive to any of the parameters set forth in the search warrant application, the documents reveal that the manner with which the government executed the search warrant was "essentially indistinguishable from a general search," and thus meets the first part of the Second Circuit's two-prong test warranting suppression. *See United States v. Shi Yan Liu*, 239 F.3d 138, 141 (2d Cir. 2000); *cf. United States v. Messalas*, No. 17-CR-339 (RRM), 2020 WL 4003604, at

5

*8 (E.D.N.Y. July 14, 2020) (noting that "courts in this district have rejected claims for suppression . . . so long as a *majority* of the documents seized were within the warrant's scope and the search was otherwise executed in a reasonable fashion") (emphasis added).  The government's failure to abide by the warrant's content restrictions is also indicative of a lack of good faith under the second prong of the two-step inquiry warranting suppression.  *See, e.g.*, *United States v. Wey*, 256 F. Supp. 3d 355, 410 (S.D.N.Y. 2017) (finding agents' conduct sufficient to infer lack of good faith where agents "proceeded to execute the Warrants as though they were the functional equivalents of general warrants").

## CONCLUSION

For the foregoing reasons, in the event that the Court does not grant Gary Oztemel's motion to dismiss, Gary Oztemel respectfully requests that the Court order the government to provide a bill of particulars that identifies the connection between Gary Oztemel's alleged receipt of payments from Innecco with the relevant corrupt transactions from which these proceeds are alleged to have derived, and to additionally order the suppression of the emails seized from the Gmail Account.

                          Respectfully submitted,

                          */s/ Leslie A. Cahill*____
                          Joseph W. Martini
                          Federal Bar No. ct07225
                          Leslie A. Cahill
                          Federal Bar No. ct31242
                          Spears Manning & Martini LLC
                          2425 Post Road, Suite 203
                          Southport, CT  06890
                          Telephone:  (203) 292-9766
                          Facsimile:  (203) 292-9682
                          Email:  jmartini@spearsmanning.com
                          lcahill@spearsmanning.com

                          *Counsel for Gary Oztemel*

## **CERTIFICATION**

I hereby certify that on June 10, 2024, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's CM/ECF system.

>*/s/ Leslie A. Cahill*
>Leslie A. Cahill
>Federal Bar No. ct31242
>Spears Manning & Martini LLC
>2425 Post Road, Suite 203
>Southport, CT  06890
>Telephone:  (203) 292-9766
>Facsimile:  (203) 292-9682
> Email: lcahill@spearsmanning.com