

**U.S. Department of Justice**

*United States Attorney*
*District of Connecticut*

Connecticut Financial Center          (203)821-3700
157 Church Street, 25th Floor         Fax (203) 773-5376
New Haven, Connecticut 06510          www.justice.gov/usao/ct

June 24, 2024

Joseph W. Martini, Esq.
Leslie Cahill, Esq.
Spears Manning & Martini
2425 Post Road, Suite 203
Southport, CT 06890

United States District Court
District of Connecticut
FILED AT  BRIDGEPORT
6/24/24                     20
Dinah Milton Kinney, Clerk
By_____
Deputy Clerk

    Re:    *United States v. Gary Oztemel*
            Case No. 3:23-cr-00026-KAD

Dear Mr. Martini and Ms. Cahill:

This letter confirms the plea agreement between your client, Gary Oztemel (the "defendant"), and the United States Department of Justice, Criminal Division, Fraud Section and the United States Attorney's Office for the District of Connecticut (collectively, the "Government") in this criminal matter.

## **THE PLEA AND OFFENSE**

In consideration for the benefits offered under this agreement, the defendant agrees to plead guilty to Count Nine of the Superseding Indictment (ECF No. 76) in this matter, which charges a violation of 18 U.S.C. § 1957.

The defendant understands that, to be guilty of this offense, the following essential elements must be satisfied:

1. the defendant engaged in a monetary transaction affecting interstate commerce;

2. the transaction involved criminally derived property worth more than $10,000;

3. the property was derived from a specified unlawful activity;

4. the defendant knew the transaction involved proceeds of a criminal offense; and

5. the transaction took place in the United States or the defendant is a U.S. person.

*Joseph W. Martini and Leslie Cahill*
Page 2

The specified unlawful activity alleged in Count Nine includes (i) a felony violation of the Foreign Corrupt Practices Act, in violation 15 U.S.C. §§ 78dd-2(a) and 78dd-3(a); and (ii) one or more offenses against a foreign nation involving bribery of a public official, and the misappropriation, theft, and embezzlement of public funds by and for the benefit of a public official, in violation of the Brazilian Penal Code, as defined in 18 U.S.C. § 1956(c)(7)(B)(iv).

## THE PENALTIES

### Imprisonment

This offense carries a maximum penalty of ten years of imprisonment.

### Supervised Release

In addition, the Court may impose a term of supervised release of not more than three years to begin after any term of imprisonment. 18 U.S.C. § 3583.

The defendant understands that, should he violate any condition of supervised release, he may be required to serve a further term of imprisonment of up to two years per revocation pursuant to 18 U.S.C. § 3583 with no credit for time already spent on supervised release.

### Fine

This offense carries a maximum fine of $250,000. The defendant also is subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; or (3) $250,000.

### Special Assessment

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100 on each count of conviction. The defendant agrees to pay the special assessment to the Clerk of the Court on the day the guilty plea is accepted.

### Restitution

In addition to the other penalties provided by law, the Court also may order that the defendant make restitution under 18 U.S.C. § 3663, and the Government reserves its right to seek restitution on behalf of victims consistent with the provisions of 18 U.S.C. § 3663. Restitution is payable immediately unless otherwise ordered by the Court.

### Interest, penalties and fines

Unless otherwise ordered, should the Court impose a fine or restitution of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of the fine or restitution not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may

*Joseph W. Martini and Leslie Cahill*
*Page 3*

be assessed on the unpaid balance of a fine or restitution pursuant to 18 U.S.C. § 3572(h), (i) and § 3612(g). The defendant reserves the right to request that the Court waive interest and penalties as permitted by statute, and the Government reserves the right to oppose any such request.

### Forfeiture

Pursuant to 18 U.S.C. § 982(a)(1), the defendant agrees to forfeit to the United States the defendant's interest in the following property: A sum of $301,575.00 in United States currency, as a forfeiture money judgment.

The defendant acknowledges that the property described above is forfeitable as property that represents the proceeds of, or was involved in the commission of, the money laundering allegations in the Superseding Indictment. The defendant agrees to waive all interests in the above-listed asset(s) in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal.

To satisfy the above forfeiture money judgment, the defendant agrees to set up a payment plan. Within 30 days of release from sentencing or release from custody, whichever is later, the defendant shall contact the U.S. Marshals Forfeiture Unit to set up automatic reoccurring payments on Pay.gov. Nothing in this agreement prevents the Government or the U.S. Marshals Service, or any other federal law enforcement agency, from seizing substitute assets to satisfy the forfeiture money judgment. Satisfaction of the forfeiture money judgment shall not be included as a condition of the defendant's supervised release.

The defendant agrees to consent to the entry of an order of forfeiture for the forfeitable asset and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise the defendant of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time the guilty plea is accepted.

The defendant agrees to hold the United States, its agents, and its employees harmless from any claims whatsoever in connection with the seizure or forfeiture of the above-listed asset(s) covered by this agreement. The defendant further agrees to waive all constitutional and statutory challenges in any manner to any forfeiture carried out in accordance with this plea agreement on any grounds. The defendant also understands and agrees that by virtue of the plea of guilty, the defendant waives any rights or cause of action to claim that the defendant is a "substantially prevailing party" for the purpose of recovery of attorney fees and other litigation costs in any related forfeiture proceeding pursuant to 28 U.S.C. § 2465(b)(1).

## THE SENTENCING GUIDELINES

### Applicability

The defendant understands that the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence in this case and is not bound by this plea agreement. The defendant agrees that the Sentencing Guidelines determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the Government, and the United States Probation Office. The defendant further understands that he has no right to withdraw his guilty plea if his sentence or the Guidelines application is other than he anticipated, including if the sentence is outside any of the ranges set forth in this agreement.

### Acceptance of Responsibility

At this time, the Government agrees to recommend that the Court reduce by two levels the defendant's adjusted offense level under § 3E1.1(a) of the Sentencing Guidelines, based on the defendant's prompt recognition and affirmative acceptance of personal responsibility for the offense. Moreover, should the defendant qualify for a decrease under § 3E1.1(a) and his offense level determined prior to the operation of subsection (a) is level 16 or greater, the Government will file a motion with the Court pursuant to § 3E1.1(b) which recommends that the Court reduce the defendant's Adjusted Offense Level by one additional level based on his prompt notification of his intention to enter a plea of guilty. The defendant understands that the Court is not obligated to accept the Government's recommendations on the reductions.

The above-listed recommendations are conditioned upon the defendant's affirmative demonstration of acceptance of responsibility, by (1) truthfully admitting the conduct comprising the offense(s) of conviction and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under § 1B1.3 of the Sentencing Guidelines, and (2) disclosing to the Government and the United States Probation Office a complete and truthful financial statement detailing the defendant's financial condition. The defendant expressly authorizes the Government to obtain a credit report concerning the defendant.

In addition, the Government expressly reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant engages in any acts, unknown to the Government at the time of the signing of this agreement, which (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (§ 3E1.1 of the Sentencing Guidelines); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (§ 3C1.1 of the Sentencing Guidelines); or (3) constitute a violation of any condition of release. Moreover, the Government reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant seeks to withdraw his guilty plea or takes a position at sentencing, or otherwise, which, in the Government's assessment, is inconsistent with affirmative acceptance of personal responsibility. The defendant understands that he may not withdraw his plea of guilty if, for the reasons explained above, the Government does not make one or both of the recommendations or seeks denial of the adjustment for acceptance of responsibility.

*Joseph W. Martini and Leslie Cahill*
Page 5

### Stipulation

Pursuant to § 6B1.4 of the Sentencing Guidelines, the defendant and the Government have entered into the attached stipulation, which is a part of this plea agreement. The defendant understands that this stipulation does not set forth all of the relevant conduct and characteristics that may be considered by the Court for purposes of sentencing. The defendant understands that this stipulation is not binding on the Court. The defendant also understands that the Government and the United States Probation Office are obligated to advise the Court of any additional relevant facts that subsequently come to their attention.

### Guidelines Stipulation

The parties agree as follows:

The Guidelines Manual in effect on the date of sentencing is used to determine the applicable Guidelines range.

The defendant's base offense level under U.S.S.G. § 2S1.1(a)(2) is eight. The parties agree that subsection (a)(2) of U.S.S.G. § 2S1.1 applies. The base offense level is increased by 12 under U.S.S.G. § 2B1.1(b)(1)(G) and by one under U.S.S.G. § 2S1.1(b)(2)(A), resulting in an adjusted offense level of 21. Three levels are subtracted under U.S.S.G. § 3E1.1 for acceptance of responsibility, as noted above, resulting in a total offense level of 18.

Based on an initial assessment, the parties agree that the defendant falls within Criminal History Category I. Similarly, the parties agree that, based on an initial assessment, the defendant qualifies for a two-level reduction for "certain zero-point offenders" under U.S.S.G. § 4C1.1, which would further reduce the defendant's total offense level to 16. The parties reserve the right to recalculate the defendant's Criminal History Category, eligibility for a zero-point-offender reduction, and corresponding sentencing ranges if this initial assessment proves inaccurate. In addition, the defendant reserves the right to argue that he is entitled to a mitigating role adjustment pursuant to U.S.S.G. § 3B1.2, and the government reserves the right to oppose such an adjustment, including based on the facts presented at trial of the other defendants in this matter.

A total offense level of 16, assuming placement in Criminal History Category I, would result in a Guidelines range of 21 to 27 months of imprisonment (sentencing table) and a fine range of $10,000 to $95,000 (U.S.S.G. § 5E1.2(c)(3)). The defendant also is subject to a supervised release term of one years to three years. U.S.S.G. § 5D1.2.

The defendant reserves the right to seek a downward departure or a non-Guidelines sentence, and the Government agrees not to seek an upward departure or a non-Guidelines sentence that is higher than the Guidelines range adopted by the Court. Specifically, the defendant reserves the right to seek a departure, variance, or a non-Guidelines sentence based on, among other grounds, the defendant's age and physical condition. *See* U.S.S.G. §§ 5H1.1 and 5H1.4. The Government agrees that, if the United States Probation Office determines that the Court may wish to consider a departure or non-Guidelines sentence due to the defendant's medical condition, the Government will not object to such a departure. Additionally, the defendant reserves the right to

*Joseph W. Martini and Leslie Cahill*
*Page 6*

argue that a fine is not appropriate in this case, and the Government reserves the right to argue that a fine may be appropriate in this case.

The defendant understands that the Court is not bound by this agreement on the Guidelines ranges specified above. The defendant further understands that he will not be permitted to withdraw the guilty plea if the Court imposes a sentence outside any of the ranges set forth in this agreement.

In the event the United States Probation Office or the Court contemplates any sentencing calculations different from those stipulated by the parties, the parties reserve the right to respond to any inquiries and make appropriate legal arguments regarding the proposed alternate calculations. Moreover, the parties reserve the right to defend any sentencing determination, even if it differs from that stipulated by the parties, in any post-sentencing proceeding.

### Information to the Court

The parties reserve their rights to address the Court with respect to an appropriate sentence to be imposed in this case. Moreover, the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to material in its file, with the exception of grand jury material.

## WAIVER OF RIGHTS

The defendant acknowledges and agrees that he is knowingly, intelligently, and voluntarily waiving the following rights:

### Waiver of Trial Rights and Consequences of Guilty Plea

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.

The defendant understands that he has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against him, the right not to be compelled to incriminate himself, the right to testify and present evidence, and the right to compel the attendance of witnesses to testify in his defense. The defendant understands that by pleading guilty he waives those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands and agrees that, if he pleads guilty, the Court may ask him questions about each offense to which he pleads guilty, and that any statements made by the defendant under oath during the plea proceeding will be admissible against the defendant in any criminal case involving the Government and the defendant as: (a) substantive evidence offered by the Government in its case-in-chief and rebuttal case; (b) impeachment evidence offered by the Government on cross-examination; and (c) evidence at any sentencing hearing or other hearing,

notwithstanding any other subsequent event, including but not limited to the defendant's withdrawal or attempted withdrawal of his guilty plea. If the defendant violates any provision of this plea agreement, prosecutions for crimes currently known and unknown to the Government that are not time-barred by the applicable statutes of limitation on the date this agreement is signed may be commenced against the defendant notwithstanding the expiration of the statutes of limitation between the signing of this agreement and the commencement of any such prosecutions. If any such prosecutions are brought, the defendant waives all claims under the United States Constitution, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal statute or rule that statements made by the defendant under oath during the plea proceeding, or any leads derived therefrom, should be suppressed.

### Waiver of Statute of Limitations

The defendant agrees that, should the conviction following the defendant's guilty plea be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

### Waiver of Right to Challenge Conviction

The defendant acknowledges that under certain circumstances he is entitled to challenge his conviction. By pleading guilty, the defendant waives his right to appeal or collaterally attack his conviction in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241. In addition to any other claims the defendant might raise, the defendant waives the right to challenge the conviction based on (1) any non-jurisdictional defects in the proceedings before entry of this plea, (2) a claim that the statute(s) to which the defendant is pleading guilty is unconstitutional, and (3) a claim that the admitted conduct does not fall within the scope of the statute. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

### Waiver of Right to Appeal or Collaterally Attack Sentence

The defendant acknowledges that under certain circumstances, the defendant is entitled to challenge his sentence. In consideration for the benefits offered under this agreement, the defendant agrees not to appeal or collaterally attack the sentence in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241, if that sentence does not exceed 27 months of imprisonment, 3 years of supervised release, a $100 special assessment, and an Order of forfeiture of $301,575, even if the Court imposes such a sentence based on an analysis different from that specified above. Similarly, the defendant will not challenge any condition of supervised release imposed by the Court for which he had notice and an opportunity to object. Similarly, the Government will not appeal a sentence imposed within or above the stipulated sentencing range. The Government and the defendant agree that this waiver applies regardless of whether the term

of imprisonment is imposed to run consecutively to or concurrently with, in whole or in part, the undischarged portion of any other sentence that has been imposed on the defendant at the time of sentencing in this case. Furthermore, the parties agree that any challenge to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) this waiver. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

## ACKNOWLEDGMENT OF GUILT AND VOLUNTARINESS OF PLEA

The defendant acknowledges that he is entering into this agreement and is pleading guilty freely and voluntarily because the defendant is guilty. The defendant further acknowledges that he is entering into this agreement without reliance upon any discussions between the Government and the defendant (other than those described in this plea agreement, without promise of benefit of any kind (other than the concessions contained in this plea agreement), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges his understanding of the nature of the offense to which the defendant is pleading guilty, including the penalties provided by law. The defendant also acknowledges his complete satisfaction with the representation and advice received from his undersigned attorney. The defendant and his undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

The defendant acknowledges that he is not a "prevailing party" within the meaning of Public Law 105-119, section 617 (the "Hyde Amendment") with respect to the count of conviction or any other count or charge that may be dismissed pursuant to this agreement. The defendant voluntarily, knowingly, and intelligently waives any rights the defendant may have to seek attorney's fees and other litigation expenses under the Hyde Amendment.

## SCOPE OF THE AGREEMENT

The defendant acknowledges that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to him with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving the defendant.

## COLLATERAL CONSEQUENCES

The defendant understands that he will be adjudicated guilty of each offense to which the defendant has pleaded guilty and will be deprived of certain rights, such as the right to hold public office, to serve on a jury, to possess firearms and ammunition, and, in some states, the right to vote. Further, the defendant understands that if he is not a citizen of the United States, a plea of guilty may result in removal from the United States, denial of citizenship, and denial of admission to the United States in the future. The defendant understands that pursuant to section 203(b) of the

*Joseph W. Martini and Leslie Cahill*
*Page 9*

Justice For All Act, the Federal Bureau of Prisons or the United States Probation Office will collect a DNA sample from the defendant for analysis and indexing. Finally, the defendant understands that the Government reserves the right to notify any state or federal agency by which the defendant is licensed, or with which the defendant does business, as well as any current or future employer of the fact of his conviction.

### **SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH**

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of the defendant's participation in criminal activity involving bribery, and associated money laundering and conspiracy to commit the same, of Brazilian officials and intermediaries, as alleged in the Superseding Indictment, all in or about and between 2010 and 2018, and all related conduct. After sentencing, the Government will move to dismiss (as to the defendant Gary Oztemel only) Counts One, Five and Eight of the Superseding Indictment.

The defendant understands that if, before sentencing, he violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, the defendant will not be permitted to withdraw the guilty plea.

*Joseph W. Martini and Leslie Cahill*
*Page 10*

## NO OTHER PROMISES

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

This letter shall be presented to the Court, in open court, and filed in this case.

Very truly yours,

VANESSA ROBERTS AVERY
UNITED STATES ATTORNEY

_____
Michael S. McGarry
Assistant United States Attorney


GLENN S. LEON
CHIEF, FRAUD SECTION
CRIMINAL DIVISION

_____
Allison L. McGuire
Clayton P. Solomon
Trial Attorneys
Derek J. Ettinger
Jonathan P. Robell
Assistant Chiefs

*Joseph W. Martini and Leslie Cahill*
*Page 11*

  The defendant certifies that he has read this plea agreement letter and its attachment(s) or has had it read or translated to him, that he has had ample time to discuss this agreement and its attachment(s) with counsel and that he fully understands and accepts its terms.

_____   6/24/24
Gary Oztemel            Date
The Defendant

  I have thoroughly read, reviewed, and explained this plea agreement and its attachment(s) to my client who advises me that he understands and accepts its terms.

_____   6/24/24
Joseph W. Martini           Date
Leslie Cahill
Attorneys for the Defendant

*Joseph W. Martini and Leslie Cahill*
*Page 12*

## STIPULATION OF OFFENSE CONDUCT

The defendant and the Government stipulate and agree to the following offense conduct and other relevant conduct that give rise to the defendant's agreement to plead guilty to Count Nine of the Superseding Indictment:

At all relevant times, GARY OZTEMEL was a resident of the State of Connecticut and a U.S. person. GARY OZTEMEL owned and controlled Oil Trade & Transport S.A. ("OTT"), a commodities trading company incorporated in Panama, with its principal place of business in Connecticut, and Petro Trade Services, Inc. ("Petro Trade"), a Connecticut-based company.

Beginning in or about at least 2010, GARY OZTEMEL, together with others, agreed to pay and did pay bribes to foreign officials at Brazil's state-owned and state-controlled oil and gas company, Petróleo Brasileiro S.A. - Petrobras ("Petrobras"). In exchange for the bribes, foreign officials at Petrobras, including Rodrigo Berkowitz ("Berkowitz"), provided GARY OZTEMEL and others with information related to Petrobras's business that gave Trading Company #1, Freepoint Commodities LLC ("Freepoint"), and OTT improper business advantages in trades with Petrobras.

In furtherance of the above-referenced bribery scheme, between in or about 2010 and 2013, GARY OZTEMEL and others agreed to and caused OTT to facilitate multiple "back-to-back" trades between OTT and Petrobras and between OTT and Trading Company #1 or Freepoint, through which OTT purchased fuel oil from Petrobras and immediately sold the fuel oil to Trading Company #1 or Freepoint at a higher price. GARY OZTEMEL then caused OTT to transmit corrupt payments, funded at least in part from OTT's profits on the back-to-back trades, to bank accounts controlled by Eduardo Innecco ("Innecco") in Switzerland and elsewhere. Innecco paid a portion of the money he received from Trading Company #1, Freepoint, and OTT to Berkowitz and others as bribes.

## Count Nine

Innecco caused a portion of corrupt funds received from Freepoint to be paid to GARY OZTEMEL, and GARY OZTEMEL used Petro Trade to receive and conceal the true nature of the proceeds. Between in or about January 2017 and in or about November 2018, Innecco transmitted approximately $301,575.14 in corrupt payments from a bank account controlled by Innecco in Uruguay to Petro Trade's bank account in the United States. In addition, Innecco prepared and emailed fake Petro Trade invoices to GARY OZTEMEL.

Moreover, on or about December 11, 2018, while not having paid the underlying bribe himself, GARY OZTEMEL knowingly engaged in a monetary transaction greater than $10,000 affecting interstate commerce, that is, GARY OZTEMEL caused Petro Trade to transfer $11,000 from Petro Trade's bank account in the United States to a bank account controlled by GARY OZTEMEL in the United States, knowing that the monetary transaction involved funds that were derived from a specified unlawful activity, as charged in the Superseding Indictment.

*Joseph W. Martini and Leslie Cahill*
*Page 13*

This written stipulation is part of the plea agreement. The defendant and the Government reserve their rights to present additional offense conduct and relevant conduct to the Court in connection with sentencing.

_____
Gary Oztemel
The Defendant

_____
Joseph W. Martini
Leslie Cahill
Attorneys for the Defendant

_____
Michael S. McGarry
Assistant United States Attorney

_____
Allison L. McGuire
Clayton P. Solomon
Derek J. Ettinger
Jonathan P. Robell
Criminal Division, Fraud Section