## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| | ) | |
| v. | ) | Case Number: **3:23-CR-00026-KAD(2)** |
| | ) | USM Number: 75812-510 |
| **GARY OZTEMEL** | ) | |
| | ) | **Allison L. McGuire, Jonathan Robell, Michael S. McGarry** |
| | ) | Assistant United States Attorneys |
| | ) | |
| | ) | **Joseph W. Martini; Leslie A. Cahill** |
| | ) | Defendant's Attorneys |

**THE DEFENDANT:** pled guilty to Count 9 of the Superseding Indictment.

Accordingly, the defendant is adjudicated guilty of the following offense(s):

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| Monetary Transactions Involving Criminally Derived Property, in violation of 18 U.S.C. § 1957 | | 12/11/2018 | 9s |

The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**PROBATION**

The defendant shall be placed on probation for a term of 2 years on Count 9s.

The Mandatory and Standard Conditions of Probation as attached, are imposed. In addition, the following Special Conditions are imposed:

    1. You must complete 100 hours of community service to the extent you are able to given your medical condition and course of treatment. The community service hours shall be completed at a program approved, in advance, by the United States Probation Office. The probation officer will supervise the participation in the community service program by approving the program. You must provide written verification of completed community service hours to the probation officer.

    2. You must pay any fine that is imposed by this judgment in a lump sum on or before November 26, 2024.

    3. You must provide the probation officer access to any requested financial information and authorize the release of any financial information. The Probation Office may share financial information with the U.S. Attorney's Office.

    4. You must not engage in an occupation, business, profession, or volunteer activity that would require or enable you to broker oil transactions without the prior approval of the Court.

DEFENDANT: GARY OZTEMEL
CASE NUMBER:3:23-CR-00026-KAD(02)

### CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments (as follows) or (as noted on the restitution order).

| | |
|---|---|
| **Special Assessment:** | $100.00 |
| **Fine:** | $8,774.00 |
| **Restitution:** | $.00 |

### FINAL ORDER OF FORFEITURE:

By agreement, the defendant shall forfeit to the United States the sum of Three Hundred One Thousand, Five Hundred Seventy-Five Dollars ($301,575.00) in United State currency, pursuant to 18 U.S.C. § 981(a)(1)(c), and 28 U.S.C. § 2461(c).

It is further ordered that the defendant will notify the United States Attorney for this district within 30 days of any change of name, residence or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are paid.

The following counts have been dismissed:1s, 5s, 8s

**October 28, 2024**
Date of Imposition of Judgment

*[signature]*
Signature of Judge

**KARI A. DOOLEY**
**UNITED STATES DISTRICT JUDGE**
Name and Title of Judge

10/29/2024
Date

DEFENDANT: GARY OZTEMEL
CASE NUMBER:3:23-CR-00026-KAD(02)

convicted of a felony, you shall not knowingly communicate or interact with that person without first getting the permission of the probation officer.
(9) If you are arrested or questioned by a law enforcement officer, you shall notify the probation officer within 72 hours.
(10) You shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
(11) You shall not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
(12) You shall follow the instructions of the probation officer related to the conditions of supervision.

**Upon a finding of a violation of probation, I understand that the court may (1) revoke supervision and impose a term of imprisonment, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.**

**These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.**

(Signed) _____    _____
        Defendant                              Date

_____    _____
U.S. Probation Officer/Designated Witness    Date

CERTIFIED AS A TRUE COPY ON THIS DATE: _____
By: _____
    Deputy Clerk

Judgment received by U.S. Marshal at _____ on _____.

Lawrence Bobnick
Acting United States Marshal

By    _____
          Deputy Marshal

DEFENDANT: GARY OZTEMEL
CASE NUMBER:3:23-CR-00026-KAD(02)

## CONDITIONS OF PROBATION

In addition to the Standard Conditions listed below, the following Mandatory Conditions are imposed as set forth by U.S.S.G. §5B1.3(a):

### MANDATORY CONDITIONS
(select all that apply)

(1) ■ You shall not commit another federal, state or local offense (see 18 U.S.C. § 3563(a)).

(2) ☐ You shall ☐ (A) make restitution, ☐ (B) work in community service, or ☐ (C) both, unless the court has imposed a fine, or unless the court finds on the record that extraordinary circumstances exist that would make such a condition plainly unreasonable, in which event the court shall impose one or more of the discretionary conditions set forth under 18 U.S.C. § 3563(b) (see 18 U.S.C. § 3563(a)(2)).

(3) ■ You shall not unlawfully possess a controlled substance (see 18 U.S.C. § 3563(a)).

(4) ☐ You shall attend a public, private, or non-profit offender rehabilitation program that has been approved by the court, in consultation with a State Coalition Against Domestic Violence or other appropriate experts, if an approved program is available within a 50-mile radius of your legal residence (see 18 U.S.C. § 3563(a)).

(5) ☐ You shall refrain from any unlawful use of a controlled substance and submit to one drug test within 15 days of your release on probation and at least two periodic drug tests thereafter, as determined by the court, for use of a controlled substance.

■ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse (see 18 U.S.C. § 3563(a)).

(6) ☐ You shall ☐ (A) make restitution in accordance with 18 U.S.C. §§ 2248, 2259, 2264, 2327, 3663, 3663A, and 3664; and ☐ (B) pay the assessment imposed in accordance with 18 U.S.C. § 3013. If there is a court-established payment schedule for making restitution or paying the assessment (see 18 U.S.C. § 3572(d)), you shall adhere to the schedule.

(7) ☐ You shall notify the court of any material change in your economic circumstances that might affect your ability to pay restitution, fines, or special assessments (see 18 U.S.C. § 3563(a)).

(8) ☐ You shall pay the fine or adhere to a court-established payment schedule (see 18 U.S.C. § 3563(a)).

(9) ☐ You shall comply with the requirements of the Sex Offender Registration and Notification Act (see 18 U.S.C. § 3563(a)).

(10)■ You shall submit to the collection of a DNA sample at the direction of the United States Probation Office if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000 (34 U.S.C. § 40702).

### STANDARD CONDITIONS

As part of your probation, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

(1) You shall report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of the time you were sentenced, unless the probation officer instructs you to report to a different probation office or within a different time frame.
(2) After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when to report to the probation officer, and you shall report to the probation officer as instructed.
(3) You shall not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
(4) You shall answer truthfully the questions asked by your probation officer.
(5) You shall live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you shall notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you shall notify the probation officer within 72 hours of becoming aware of a change or expected change.
(6) You shall allow the probation officer to visit you at any time at your home or elsewhere, and you shall permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
(7) You shall work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you shall try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you shall notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you shall notify the probation officer within 72 hours of becoming aware of a change or expected change.
(8) You shall not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been